IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY STEVEN WITHROW,

    Plaintiff,

vs.

CLARE KEITHLEY, et al.,

    Defendants.

No. CIV S-04-0175 FCD CMK PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

/

    Plaintiff is proceeding pro se with an action for violation of civil rights pursuant to 42 U.S.C. § 1983. On November 29, 2004, defendants[1] filed a motion seeking dismissal of this action asserting that: (1) defendants Clare Keithley and Karen Young are entitled to absolute immunity; (2) defendants Clare Keithley and Karen Young are entitled to qualified immunity; (3) defendants Butte County Probation Department and Butte County District Attorney's Office are not proper parties; (4) the claims against defendants Butte County Probation Department and Butte County District Attorney's Office are barred by Eleventh Amendment Immunity; and (5) plaintiff's amended complaint fails to comply with the Federal Rules of Civil Procedure. On

---

[1] Defendants Clare Keithley, Karen Young, Butte County District Attorney, and Butte County Probation Department filed this motion to dismiss. Defendants Federal Bureau of Investigation and California Highway Patrol did not join the motion. It appears from the record that both the Federal Bureau of Investigation and the California Highway Patrol were not served.

December 15, 2004, plaintiff responded arguing that defendants Clare Keithley ("Keithley") and Karen Young ("Young") are not entitled to any type of immunity because they were motivated by race discrimination. Plaintiff also contends that defendants Butte County Probation and Butte County District Attorney are not immune from litigation because they wrote the laws and conditions of plaintiff's probation. (Pl.'s Resp. at 2.) On January 4, 2005, defendants responded to the plaintiff's reply arguing that plaintiff has failed to adequately rebut defendants' claims of immunity.

On January 11, 2005, after hearing oral argument, this court permitted the plaintiff to submit supplemental points and authorities in opposition to defendants' motion to dismiss. Defendants were also allowed to submit a supplemental reply memorandum. Instead, the plaintiff submitted materials nonresponsive to the court's request. Therefore, the court will only consider those filings relevant to opposing the defendants' motion to dismiss.

**I. PROCEDURAL HISTORY**

Plaintiff filed his original complaint on January 26, 2004. Subsequently, defendants filed a motion to dismiss that complaint on various grounds. Rather than oppose that motion, on May 5, 2004, plaintiff filed a "Reply" which essentially requested that the court dismiss his complaint without prejudice. On June 3, 2004, Magistrate Judge Nowinski issued Findings and Recommendations recommending dismissal of the complaint without prejudice. On July 8, 2004, Judge Damrell adopted the Findings and Recommendations and issued on order dismissing the original complaint. Judgment was subsequently entered.

Thereafter, on August, 2004, plaintiff submitted objections which did not address Judge Nowinski's Findings and Recommendations, but rather requested judicial assistance with various discovery matters. Construing these new objections as evidence of plaintiff's renewed interest to proceed with his action, Judge Nowinski filed Amended Findings and Recommendations on August 25, 2004, recommending that plaintiff be permitted to proceed with his action and the filing of a lodged document entitled "Motion For Plaintiff Seeking Monetary Damages For The

Infliction of Pain & Suffering Upon Plaintiff By Said Named Defendants" [Amended Complaint].  On November 5, 2004, Judge Damrell adopted Judge Nowinski's Amended Findings and Recommendations and vacated the original judgment dismissing the action which had been filed on July 9, 2004.

During this period of time, the action was reassigned from Magistrate Judge Nowinski to Magistrate Judge Kellison on October 26, 2004, for all further proceedings.

On November 29, 2004, Defendants Keithley, Young, Butte County Probation Department and Butte County District Attorney filed the present Motion to Dismiss plaintiff's Amended Complaint.

In hindsight, this court should have more carefully screened the Amended Complaint to seek plaintiff's compliance with Fed. R. Civ. P. 8(a)(2).  The Federal Rules of Civil Procedure require "[e]ach averment of a pleading shall be simple, concise, and direct." See Fed. R. Civ. P. 8(e). Furthermore, Rule 8(a) states:

> A pleading which sets forth a claim for relief...shall contain (1) a short plain statement of the grounds upon which the court's jurisdiction depends...(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief to which he deems himself entitled.

Fed. R. Civ. P. 8(a).  Moreover, defendants may move for dismissal of this action for plaintiff's failure to comply with these rules or any order of court.  See Fed. R. Civ. P. 41(b).  Here, the defendants move this court to dismiss plaintiff's complaint with prejudice. (Mot. to Dismiss at pg. 10.)

A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice according to rule 41(b). Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir. 1981).  However, dismissal of a complaint under rule 41(b) is a harsh remedy.

McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Thus, the district court should first consider less drastic alternatives. Id. The court may consider the strength of the plaintiff's case in determining whether to dismiss it with prejudice. Id. However, "this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements, that they may with some assistance from the court be able to satisfy." Waters v. Young, 100 F.3d 1437, 1441 (9th Cir. 1996).

As a result, the court is now faced with construing plaintiff's lengthy narrative alleging violations of his constitutional rights associated with, and following a search of his premises, and the seizure of various documents and items which resulted in his incarceration and subsequent unsuccessful prosecution for a violation of probation.

The plaintiff had been convicted in state court for felony domestic violence. As a condition of his probation, the Butte County Superior Court imposed various conditions.[2]

On January 8, 2003, Defendant Young (a Butte County probation officer), along with other law enforcement officers, conducted a search of plaintiff's home pursuant to the above-referenced conditions. During the search, numerous documents and items were seized. Construing the possession of the items seized as a violation of his probation, the plaintiff was incarcerated pending trial and subsequently prosecuted. Following his probation revocation hearing, the Superior Court Judge for Butte County ruled that possession of those documents was not a violation of plaintiff's probation.

---

[2] For purposes of this action, the two conditions of probation having bearing on the Defendants' conduct included a "Fourth Waiver" which required the plaintiff to:

"3. Submit to search of your person, property, residence, vehicle, or any container under your control or in which you have an interest at any time, night or day, by any peace officer with or without a warrant of arrest, search warrant, reasonable or probable cause, your then presence or your then consent, for the purpose of determining compliance with the conditions of probation.
22. The defendant is not to be involved in or associate with anyone known to be a gang member. The defendant may not wear or possess any item of gang clothing known to be such by the defendant including any gang insignia, moniker, or pattern, jewelry with gang insignia, nor may the defendant display any gang insignia, moniker, or other markings of gang insignias known to be such by the defendant on his person or property as my be identified by law enforcement or the Probation Officer, except the he shall not be required to remove the tattoos on his body that existed at the time of the sentencing. For purposes of this paragraph, the word "gang" means a "criminal street gang" as defined in Penal Code § 186.22(e) and (f).

Although the Amended Complaint is not a model of clarity, plaintiff's alleged claims can be summarized as follows:

    1. That the search and seizure of plaintiff's premises was unreasonable under the Fourth Amendment;

    2. That the seized writings and materials were protected items of speech and exceeded the parameters of condition No. 22 of the terms of his probation; and

    3. That the actions of the defendants were motivated by plaintiff's Aryan beliefs.

Whether these claims have constitutional implications will be discussed below.

## II. STANDARD OF REVIEW

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

As plaintiff in this action is pro se, the court must also construe his complaint more liberally than it would those drafted by a lawyer. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Hughes v. Rowe, 449 U.S. 5, 9 (1980); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Ortez v. Washington County, State of Or., 88 F.3d 804, 810 (9th Cir. 1996).

## III. DISCUSSION

Before considering the defendants' various claimed immunity defenses, the court must determine first whether plaintiff's allegations, if true, establish a constitutional violation. See

5

Saucier v. Katz, 533 U.S. 194, 201 (2001); Boyd v. Benton County, 374 F.3d 773, 778 (9th Cir. 2004); see also Tremblay v. McClellan, 350 F.3d 195, 199 (1st Cir. 2003)(explaining that addressing the alleged constitutional violation first helps the development of the law on what constitutes a meritorious constitutional claim).  Here, plaintiff claims that defendants' seizure of his writings and journals, during a probation search, violated his constitutional rights.  The court must determine if the plaintiff's allegations establish a Fourth Amendment violation.   Although the plaintiff makes mention in his Amended Complaint that the search was "legal", this court simply construes such a reference to plaintiff's understanding of his "Fourth Waiver" under the conditions of his probation.  Whether the search was "legal" can only be determined after full development of the facts surrounding the entry and seizure.

The court first determines whether the plaintiff has standing to assert a violation of the Fourth Amendment.  In the present case, it is undisputed that the seized writings and the home in which they were found belonged to the plaintiff.  Therefore, the plaintiff has standing.  U.S. v. Davis, 932 F.2d 752 (9th Cir. 1991).

Next, the court will address the scope of plaintiff's probation search and seizure.  Under some circumstances, parolees and probationers possess fewer constitutional rights than other citizens because they have been convicted of a crime.  U.S. v. Consuelo-Gonzalez, 521 F.2d 259, 275 (9th Cir. 1975).  " A State's operation of a probation system , like its operation of a school, government office or prison, or its supervision of a regulated industry, likewise presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements." Griffin v. Wisconsin, 483 U.S. 868, 873-74 (1987).  Thus, the United States Constitution allows for probation searches based on no more than reasonable suspicion.  United. States v. Kincade, 379 F.3d 813, 825 (9th Cir. 2004).  The permissible bounds of a probation search are controlled by the reasonable suspicion standard.  R. Moreno v. Baca, 400 F.3d 1152, 1163 (9th Cir. 2005); United States v. Davis, 932 F.2d 752, 758 (9th Cir. 1991).

1    A search does not infringe the Fourth Amendment if it is "reasonable" which is measured
2 in objective terms by examining the totality of the circumstances. <u>Ohio v. Robinette</u>, 519 U.S.
3 33, 39 (1996). Following the Supreme Court's recent decision in <u>United States v. Knights</u>, 534
4 U.S. 112 (2001), in order to determine whether the search of plaintiff's residence is objectively
5 reasonable, the court is required to balance the privacy interests of the plaintiff against the state's
6 interest in the search. <u>Knights</u>, supra at 118. The plaintiff's personal connection to his home is
7 more than sufficient to afford him Fourth Amendment protection against an uninvited search.
8 <u>Kyllo v. United States</u>, 533 U.S. 27 (2001). Under federal law, the plaintiff's expectation of
9 privacy in his own home is not wholly defeated by virtue of his probationary status. <u>Griffin v</u>.
10 <u>Wisconsin</u>, 483 U.S. 868, 873 (1987).

11    For purposes of a motion to dismiss, this court is unable to conclude whether defendant
12 Young's search was unreasonable. As much as can be gleaned from plaintiff's Amended
13 Complaint is that the seized items included his "journals and accumulated writings". (Amended
14 Complaint, 4:20). Although this court will not consider defendant Young's declaration for
15 purposes of this motion to dismiss, she apparently maintains that some or all of the items seized
16 contained numerous symbols including swastikas and other insignia associated with the Aryan
17 Brotherhood. A determination of whether the search was unreasonable would first require this
18 court to determine that the items seized clearly fall outside the proscriptions set forth in condition
19 no. 22. Of course, this court is unable to make such a finding on a motion to dismiss.

20    If there is a constitutional violation the court's next step is to determine whether the
21 constitutional right was clearly established. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). In
22 deciding this issue, the court will determine: 1) whether the law governing the state official's
23 conduct was clearly established, and 2) under that law, could a reasonable state official have
24 believed his conduct was lawful? <u>Marquez v. Gutierrez</u>, 322 F.3d 689, 692 (9th Cir. 2003);
25 <u>Saucier</u>, supra, at 201-02. As stated above, the law is clearly established that warrantless,
26 probation searches and seizures require reasonable suspicion that probation has been violated.

1  U.S. v. Kincade, 379 F.3d 813, 825 (9th Cir. 2004); U.S. v. Davis, 932 F.2d 752, 758 (9th Cir.
2  1991). Furthermore, an otherwise valid probation search may become otherwise invalid or
3  unreasonable if the seizure exceeds the parameters of the conditions of probation.
4      Assuming a constitutional violation, the next question that must be asked is whether the
5  right was clearly established. "[T]he relevant, dispositive inquiry in determining whether a right
6  is clearly established is whether it would be clear to a reasonable officer that his conduct was
7  unlawful in the situation he confronted. Saucier, supra at 2156.
8      This court is not in a position to define Defendant Young's conduct in her search of
9  plaintiff's premises. For purposes of a motion to dismiss, we will assume that a constitutional
10 deprivation has occurred, and discuss the immunity status of the parties.

11 **IV. QUALIFIED IMMUNITY**

12     A public official performing a discretionary function enjoys qualified immunity in a civil
13 action for damages, provided his or her conduct does not violate clearly established federal
14 statutory or constitutional rights of which a reasonable person would have known. Harlow, v.
15 Fitzgerald, 457 U.S. 800, 818 (1982). The immunity is "immunity from suit rather than a mere
16 defense to liability." Mitchell. Forsyth, 472 U.S. 511, 526 (1985).
17     The courts have extended absolute judicial immunity to include officers whose functions
18 are closely related to the judicial process. Demoran v. F.A. Witt, 781 F.2d 155, 156 (9th Cir.
19 1986). In determining whether a probation officer is included in this protected group, the court
20 applies the "functional approach" described above. Id.;(citing Harlow v. Fitzgerald, 457 U.S.
21 800, 810-811 (1982).) As a result, a probation officer who prepares a presentence report is
22 entitled to absolute quasi-judicial immunity. Id. at 158.
23     However, Young is not entitled to absolute quasi-judicial immunity relating to her search
24 of the plaintiff's home. Young's search and seizure of plaintiff's home, writings and journals
25 was not within the ambit of her judicial function. The Ninth Circuit has held that search and
26 seizure is an activity which is investigatory in nature and entitled to only qualified immunity.

Swift v. California, 384 F.3d 1184, 1188 (9th Cir. 2004).

Although the plaintiff should not be subject to an unreasonable or excessive search of his premises, he has not brought to this court's attention any cases of controlling authority in this jurisdiction at the time of the incident which clearly establishes his right as a probationer, nor has he identified a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his or her actions were unlawful.  Wilson v. Layne, 526 U.S. 603, 615 (1999).

Here, the search of plaintiff's home was conducted in reliance of a facially valid court probation order, containing a provision that the plaintiff submit to a search of his person or property at any time.  In light of the Supreme Court's holding in Griffin v. Wisconsin, 483 U.S. 868 (1987), it may prove very difficult for plaintiff to establish that his rights as a probationer were clearly violated at the time of the search, but again, that issue cannot be resolved without knowing more about the items seized.

## V.  ABSOLUTE IMMUNITY

District Attorney Keithley ("Keithley") is entitled to absolute quasi-judicial immunity. Keithley is also entitled to the privilege of qualified immunity for any conduct "not intimately associate[d ] with the judicial phase of the criminal process."  Imbler v. Patchman, 424 U.S. 409, 430 (1976).  The plaintiff fails to allege that defendant Keithley did anything outside of her role as a prosecutor.  Therefore, the court need not reach the issue of qualified immunity with regard to defendant Keithley.

A prosecutor is "absolutely immune from liability under section 1983 for his or her conduct in 'initiating a prosecution and in presenting the state's case.'"  Burns v. Reed, 500 U.S. 478 (1991); Imbler v. Patchman, 424 U.S. 409, 431 (1976).  Absolute immunity protects a prosecutor whose conduct can be associated with the "judicial phase of the criminal process." Id. As a result, prosecutors have absolute immunity from liability in their individual capacities for their decisions to prosecute or for any acts which are within the scope of their authority and

1  performed in a prosecutorial capacity. Id.  "The immunity of a prosecutor is based upon the
2  same purpose; that underlies the immunity of judges and grand jurors acting within the scope of
3  their duties: to protect the judicial process." Milstein v. Cooley, 257 F.3d 1004, 1007 (9th Cir.
4  2001).
5        The court determines whether a prosecutor is entitled to absolute immunity by examining
6  "the nature of the function performed, not the identity of the actor who performed it." Id. at 1008
7  (quoting Forrester v. White, 484 U.S. 219, 229 (1988)).  The prosecutor's intent plays no role in
8  the immunity inquiry. Id.  Also, the official seeking absolute immunity bears the burden of
9  demonstrating that such immunity is justified for the function in question. Id.  The presumption
10 is that qualified rather than absolute immunity applies. Id.
11       In the present case, plaintiff alleges that defendant Keithley violated his rights by
12 attempting to revoke his probation because he is an Aryan.  Specifically, plaintiff highlights the
13 fact that Keithley was the Deputy District Attorney who prosecuted him for violating conditions
14 of his probation. (Am. Compl. at 5.)  In addition, plaintiff points to Keithley's recommendations
15 to the state court regarding enlargement of his probation conditions. (Am. Compl., Ex. L.)
16       Keithley is entitled to absolute immunity because she is a prosecutor who was acting
17 within her prosecutorial function. Genzler v. J. Loganbach, 384 F.3d 1092, 1097 (9th Cir. 2004).
18 Defendant Keithley's alleged racism is irrelevant under absolute immunity analysis.

## VI. ELEVENTH AMENDMENT IMMUNITY

21       Next, defendants Butte County Probation Department and Butte County District
22 Attorney's Office argue that the claims against them are barred by the Eleventh Amendment.
23 This court agrees.
24       Neither a state or its officials acting in their official capacity are "persons" under section
25 1983. Will v. Michigan Dep't. of State Police, 491 U.S. 58. 71 (1989); Thompson v. City of Los
26 Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local government, however, can be liable under

section 1983 for constitutional torts committed by its officials acting according to municipal policy, practice, or custom. Weiner v. San Diego County, 210 F.3d 1025, 1028 (9th Cir. 2000) (citing Monell v. Department of Social Servs., 436 U.S. 658, 691-91 (1978).) To hold a local government liable for its officer's conduct, a plaintiff must demonstrate that the official (1) had final policymaking authority regarding the action which caused the constitutional violation and (2) was the local government's policy maker concerning that particular action. Id.; McMillian v. Monroe County Alabama, 520 U.S. 781, 785 (1997).

In California, a district attorney is considered a state official when deciding whether to prosecute an individual. Weiner v. San Diego County, 210 F.3d 1025, 1028 (2000). As a result, district attorneys in the State of California are entitled to Eleventh Amendment immunity because their actions are actions performed on behalf of the state. See Ceballos v. Garcetti, 361 F.3d 1168, 1182-1183 (9th Cir. 2004).

Similarly, the Butte County Probation Department acted on behalf of the State of California and is entitled to Eleventh Amendment immunity. The California Superior Courts and its employees are arms of the state for Eleventh Amendment purposes. Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). A probation officer is a superior court employee because a probation officer is appointed by the judge of the superior court. See Cal. Welf. & Inst. Code § 270. Therefore, because probation officers are employees of the superior court, and the superior court is an arm of the state, plaintiff's claims against defendant Butte County Probation Department are barred by the Eleventh Amendment.[3]

Plaintiff's claims against defendants Butte County District Attorney's Office and Butte County Probation Department should also be dismissed because both of these defendants are not

---

[3] Defendants also argue that if the court construes plaintiff' claims as against Butte County, that Butte County is not a proper party. (Mot. at pg. 8.) The Court need not decide this issue at the present time because plaintiff's claims against Butte County were dismissed on November 8, 2004. The court will not construe plaintiff's complaint as including Butte County.

proper parties to this lawsuit. The term "persons" under section 1983 does not include municipal departments. <u>Vance v. County of Santa Clara</u>, 928 F.Supp. 993, 996 (CD Cal. 1996). "Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." <u>Id</u>. (quoting <u>Stump v. Gates</u>, 777 F.Supp. 808, 816 (D. Colo. 1991). Therefore, plaintiff's claims against Butte County Probation Department and Butte County District Attorney's Office should be dismissed from this action on this basis as well.

///

**VII.  DEFENDANTS FBI AND CHP.**

Defendants FBI and CHP have not been served with a copy of plaintiff's Amended Complaint. As a result, the FBI and CHP did not join in the present motion to dismiss. Nevertheless, the court will also recommend dismissal of plaintiff's claims against the FBI and CHP for the following reasons.

In the present case, the court finds the claims against defendants FBI and CHP vague and conclusory. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.

There is a recognized right of actions against federal officers that is analogous to the right of action one would have against a state official under § 1983. <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388, 91 S.Ct 1999, 29 L.Ed.2d 619 (1971). A *Bivens* action, however, cannot be maintained against a federal agency. <u>FDIC v. Meyer</u>, 114 S.Ct. 996, 1006 (1994) Since plaintiff has failed to effectuate service upon the FBI and has made no effort to seek permission to file an amended pleading to allege a *Bivens* violation, the undersigned also recommends the dismissal of this action against the FBI, with prejudice.

Similarly, dismissal is also recommended against Defendant CHP with prejudice. The CHP, or California Highway Patrol is a "state agency" for purpose of the Eleventh Amendment.  See, <u>Freeman v. Oakland Unified School District,</u> 179 F.3d 846 (9th Cir. 1999).

**VIII.  CONCLUSION**

It bears mention that the defendants have requested that the court take judicial notice of several filings, including those filed just prior to these findings and recommendations. This court will deny such request because the defendants have not supplied the court with the necessary information. (See Fed. R. Evid. 201.)

Therefore, IT IS HEREBY ORDERED that defendant's request for judicial notice filed February 11, 2005, is denied.

In accordance with the above, and for the reasons herein stated, IT IS HEREBY RECOMMENDED that:

1. Defendants' November 29, 2004 motion to dismiss be granted as to Defendants Keithley, Butte County District Attorney's Office, and Butte County Probation Department.

2. Defendant's motion to dismiss be denied as to Defendant Young.

3. This action be dismissed with prejudice as to defendants FBI and CHP.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fifteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 6, 2005.

1
2
3    **CRAIG M. KELLISON**
4    UNITED STATES MAGISTRATE JUDGE
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26